IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Vincent Brown, | ) | Civil Action No. 5:20-52-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| Associate Warden Ramos; Lieutenant Parker; Sergeant Daniels; Sergeant Smith; Cpt. Tate; H. Taylor White; Sergeant Cunningham; C/O McClay; Millhouse; and Sally Elliot; Ms. Shadaya Jackson; Sgt. Tyreese Coaxum; Frederick Freeman, Jr.; and C/O Lykes, | ) | |
| Defendants. | ) | |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge (Dkt. No. 71) recommending that Plaintiff Vincent Brown's motion for a preliminary injunction (Dkt. No. 26) be denied. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and denies Plaintiff's motion.

**I.   Background**

Plaintiff filed this action *pro se* alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 1). Plaintiff is currently incarcerated at Broad River Correctional Institution and he now moves for a preliminary injunction. (Dkt. No. 26). Generally speaking, Plaintiff alleges his living conditions at Broad River Correctional Institution amount to cruel and unusual punishment because: he is not afforded timely/and or adequate medical, dental, or mental health care; his living conditions are unsanitary; and his food is always cold. (Dkt. No. 1 at 2, 4, 6, 9). Plaintiff asks for the Court to "enforce the law on these officials" and rectify these

conditions. Defendants oppose the motion, arguing Plaintiff has not specified the relief he is seeking, nor has he alleged specific facts to show that immediate, irreparable harm will result if relief is not granted. (Dkt. No. 61). On May 7, 2020, the Magistrate Judge issued an R & R recommending that Plaintiff's motion for a preliminary injunction be denied. (Dkt. No. 71). Plaintiff has not filed objections.

## II.     Legal Standard

### A.     Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Plaintiff specifically objects. Fed. R. Civ. P. 72(b)(2). Where Plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015). *See also Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). Plaintiff did not file objections in this case, and the R & R is therefore reviewed for clear error.

### B.     Preliminary Injunction

A party seeking a preliminary injunction must make a "clear showing" that (1) he is likely to succeed on the merits, (2) he is likely to suffer imminent and irreparable harm absent preliminary

relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20-22 (2008); *see also Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc.*, 722 F.3d 591, 595 (4th Cir. 2013). This showing is required because such interim relief is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991) (citations and internal quotation marks omitted).

### III. Discussion

As the Magistrate Judge correctly concluded, Plaintiff's motion should be denied. Under the *Winter* framework, Plaintiff has not made a clear showing that he is likely to succeed on the merits. Plaintiff makes no specific factual allegations that he is currently threatened with imminent injury or loss or damage or that the balance of equities is tipped in his favor. Lastly, Plaintiff has not shown that a preliminary injunction is in the public interest.

### IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R as the Order of the Court (Dkt. No. 71) and **DENIES** Plaintiff's motion for a preliminary injunction (Dkt. No. 26).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel
United States District Court Judge

May 28, 2020
Charleston, South Carolina