## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ORANGEBURG DIVISION

| | |
|---|---|
| Vincent Brown, ) | Civil Action No. 5:20-0052-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Associate Warden Ramos; Lieutenant ) | |
| Parker; Sergeant Daniels; Sergeant Smith; ) | |
| Cpl. Tate; H. Taylor White; Sergeant ) | |
| Cunningham; C/O McClay; Millhouse; ) | |
| Sally Elliott; Ms. Shadaya Jackson; Sgt. ) | |
| Tyreese Coaxum; Frederick Freeman, Jr.; ) | |
| C/O Lykes ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

  Before the Court is the Magistrate Judge's Report and Recommendation ("R & R") recommending that Defendant White's motion to dismiss be granted; Defendant Tate's motion to dismiss be granted; Defendants Elliot, Jackson, Millhouse, Parker, and Ramos's motion for judgment on the pleadings be granted; and Defendants Ramos, Parker, Daniels, Cunningham, McClay, Millhouse, Elliott, Coaxum, Freeman, Jackson and Lykes's motion for summary judgment be granted. (Dkt. No. 130.) For the reasons set forth below, the Court adopts the R & R as the order of the Court.

**I.  Background**

  Vincent Brown is an incarcerated person proceeding *pro se* to bring a claim under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights by using cruel and unusual punishment, using excessive force, denying and being indifferent to medical and dental care, violating his right to due process, failing to protect, denying access to courts, failing to properly clean his cell, failing to discipline certain Defendants, and failing to provide Brown with

help from law clerks or law books. Brown recounts an alleged incident on October 8, 2019 during which he requested mental health medical attention and was ignored and then hit on the back of the head before meeting with a mental health professional. (Dkt. No. 1.) Currently before the Court is the Magistrate Judge's recommendation that the four dispositive motions be granted, to which Brown filed no objection.

## II.     Legal Standard

### A.     Review of the R & R

The Magistrate Judge makes only a recommendation to the Court that has no presumptive weight and, therefore, the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). In the absence of objections, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

### B.     Motion for Summary Judgment

Summary judgment is appropriate if the movant "shows that there is no genuine dispute as to any material fact" and it is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In other words, summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Props.*, 810 F.2d 1282, 1286 (4th Cir. 1987). "In determining

whether a genuine issue has been raised, the court must construe all inferences and ambiguities in favor of the nonmoving party." *HealthSouth Rehab. Hosp. v. Am. Nat'l Red Cross*, 101 F.3d 1005, 1008 (4th Cir. 1996). The party seeking summary judgment has the initial burden of demonstrating that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has made this threshold demonstration, the non-moving party must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence'" in support of the non-moving party's case. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002) (quoting *Phillips v. CSX Transp., Inc.*, 190 F.3d 285, 287 (4th Cir. 1999)).

C.     **Motion for Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A judgment on the pleadings is only warranted if "the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *Lewis v. Excel Mech., LLC*, 2:13-CV-281-PMD, 2013 WL 4585873 at * 2 (D.S.C. Aug. 28, 2013). The court's review is therefore limited to the pleadings, *Abell Co. v. Balt. Typographical Union No. 12*, 338 F.2d 190, 193 (4th Cir. 1964), and to "any documents and exhibits attached to and incorporated into the pleadings," *Lewis*, 2013 WL 4585873 at *1. The pleadings on a Rule 12(c) motion should be construed in the light most favorable to the non-movants. *Burbach Broad. Co. v. Elkins Radio Corp.*, 278 F.3d 401, 405–06 (4th Cir. 2002). Therefore, the "court must accept all well pleaded factual allegations in the non-moving party's pleadings as true and reject all contravening assertions in the moving party's pleadings as false." *Lewis*, 2013 WL 4585873, at *2 (internal quotations omitted).

**D.      Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses. . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (internal quotation marks and citation omitted). On a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). While the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.* To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Pleadings by *pro se* litigants are afforded a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**III.   Discussion**

**A.     Motion for Summary Judgment by Defendants Ramos, Parker, Daniels, Cunningham, McClay, Millhouse, Elliott, Coaxum, Freeman, Jackson and Lykes (Dkt. No. 102)**

These Defendants move for summary judgment on the basis that Brown failed to exhaust his administrative remedies under the Prison Litigation Reform Act prior to bringing suit. The

PLRA mandates that an inmate exhaust "such administrative remedies as are available" before bringing suit under § 1983. 42 U.S.C. § 1997(e)(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *see also Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 677 (4th Cir. 2005). The administrative remedies are dictated by the prison. *See Jones v. Bock*, 549 U.S. 199, 218 (2007). A prison grievance procedure is "available" if it is "capable of use to obtain some relief for the action complained of." *Ross v. Blake*, 136 S.Ct. 1850, 1855 (2016).

The PLRA, therefore, has a "built-in exception to the exhaustion requirement: A prisoner need not exhaust remedies if they are not 'available.'" *Id.* at 1855. The prisoner bears the burden of demonstrating that an administrative remedy is unavailable. *See Graham v. Gentry*, 413 F.App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted). Specifically, an administrative remedy is not "available"—meaning, the remedy, "although officially on the books, is not capable of use to obtain relief"—in at least three circumstances. *Ross*, 136 S.Ct. at 1859. First, "an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Meaning, the "administrative officials have apparent authority, but decline ever to exercise it." *Id.* Second, a remedy is unavailable where the "administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* In other words, "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it." *Id.* Last, an administrative remedy is not available "when prison

administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1860. In this situation, "officials might devise procedural systems (including the blind alleys and quagmires just discussed) in order to trip up all but the most skillful prisoners" or threaten the inmate. *Id.* (internal quotation marks and citation omitted). Absent such evidence that the administrative remedy was unavailable, failure to exhaust the administrative remedies will bar actions filed under federal law. *See Woodford v. Ngo*, 548 U.S. 81 (2006).

The South Carolina Department of Corrections ("SCDC") employs an inmate grievance process that, with limited exceptions, consists of three steps. First, the inmate must attempt an informal resolution by submitting a Request to Staff Form ("RTS Form") within eight working days of the incident. If the incident involves allegations of criminal activity, an RTS Form is not required, but the inmate must file a Form10-5 Step 1 Grievance within five day of the alleged criminal activity. Otherwise, within eight days of receiving a response to the RTS Form, the inmate must submit a Step 1 Grievance Form that attaches the answered RTS Form. If the RTS Form is not attached, the Step 1 Grievance Form will be returned to the inmate, who has five days to resubmit with the required attachment. Next, if the inmate is not satisfied with the response to his Step 1 Grievance Form, he has five days from receiving the response to appeal by submitting a checked-box on the Step 1 Grievance Form and a Step 2 Grievance Form. The SCDC's response to the Step 2 Grievance Form is considered the agency's final determination, which the inmate may appeal to the South Carolina Administrative Law Court. (Dkt. No. 102-2.)

These Defendants argue that Brown failed to exhaust his administrative remedies because, as attested to by Sherman Anderson, General Counsel and Chief of the SCDC Inmate Grievance Branch, he filed seven One-Step Grievances while incarcerated at Broad River Correctional

Institution, all of which were "Processed & Returned" to him for reasons specified on each Grievance, and Brown took no further action on them. (*Id*. ¶¶ 17-18, 21-26.) Based on this, the Magistrate Judge recommends that these Defendants' motion for summary judgment (Dkt. No. 102) be granted. Having reviewed the record and in the absence of objection from Brown, the Court adopts that recommendation as the order of the Court.

**B.    Motion for Judgment on the Pleadings by Defendants Ramos, Elliott, Parker, Millhouse and Jackson (Dkt. No. 101)**

As discussed above, the claims against Defendants Ramos, Elliott, Parker and Millhouse have already been dismissed on summary judgment for Brown's failure to exhaust his administrative remedies. Therefore, the Court considers the Magistrate Judge's recommendation on the motion for judgment on the pleadings only as to Defendant Jackson. The claim against Defendant Jackson appears to be that he failed to conduct a ninety-day disciplinary review, which Brown alleges constitutes cruel and unusual punishment. Prisoners do not have a constitutional right to be housed at a particular custody or security level. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975). The SCDC Director is vested with authority and discretion relating to the housing of prisoners. S.C. Code Ann. §§ 24-1-130, 24-1-140, 23-3-20, 24-3-30. Courts appropriately give deference and consideration to the correctional institution's need to maintain order and control, including through housing assignments. *Wolff v. McDonnell*, 418 U.S. 539, 558-62 (1974). The Magistrate Judge finds, therefore, that Plaintiff's claim against Defendant Jackson fails on the face of the pleading and the motion for judgment on the pleadings (Dkt. No. 101) should be granted. The Court adopts that recommendation as the order of the Court.

**C.      Rule 12(b)(6) Motion to Dismiss by Defendant White (Dkt. No. 66)**

Defendant White contends that the complaint fails to plausibly state a claim on which relief can be granted, alleging only vaguely that she denied his request for unspecified medical and dental services. The Magistrate Judge identified the allegations in the complaint relating to such a deprivation and finds that they fail to meet the minimum pleading requirements and, therefore, recommends that Defendant White's motion to dismiss (Dkt. No. 66) be granted. Having reviewed the pleading and in the absence of objection to the R & R by Brown, the Court adopts that recommendation as the order of the Court.

**D.      Rule 12(b)(2) and (5) Motion to Dismiss by Defendant Cpl. Tate (Dkt. No. 96)**

Defendant Tate moves to dismiss the claims against him for insufficiency of service of process or, in the alternative, lack of personal jurisdiction. Rule 4(e)(2) provides that service on an individual in effected by either personally delivering a copy of the summons and complaint, delivering a copy at the defendant's dwelling with a resident of suitable age and discretion, or delivering a copy to an authorized agent. The Magistrate Judge identifies that because the initial summons and complaint was returned unexecuted because Defendant Tate could not be located, the motion to dismiss for insufficient service should be granted. The Magistrate Judge also recommends that because Brown failed to respond in opposition to Defendant Tate's motion, despite a *Roseboro* order warning him of the potential consequences of not responding to a dispositive motion, the claims against Defendant Tate should be dismissed with prejudice for failure to prosecute under Rule 41(b). Having reviewed the docket, the Court adopts the Magistrate Judge's recommendation to grant Defendant Tate's motion to dismiss (Dkt. No. 96).

**IV.     Conclusion**

For the foregoing reasons, the Court **ADOPTS** the R & R (Dkt. No. 130) as the order of the Court. The Court **GRANTS** the motion for summary judgment (Dkt. No. 102), motion for judgment on the pleadings (Dkt. No 101), and motions to dismiss (Dkt. Nos. 66, 96).

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

October 28, 2020  
Charleston, South Carolina